NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4932-15T2

J.L.,

 Appellant,

v.

DEPARTMENT OF HUMAN SERVICES,
DIVISION OF FAMILY DEVELOPMENT,

 Respondent.
______________________________

 Argued September 13, 2017 – Decided October 3, 2017

 Before Judges Fuentes, Koblitz and Suter.

 On appeal from Department of Human Services,
 Division of Family Development, Passaic County
 Board of Social Services Agency Docket No.
 C395404.

 Stanley G. Sheats argued the cause for
 appellant (Northeast New Jersey Legal
 Services, Inc., attorneys; Mr. Sheats, on the
 briefs).

 Victoria R. Ply, Deputy Attorney General,
 argued the cause for respondent (Christopher
 S. Porrino, Attorney General; Melissa H.
 Raksa, Assistant Attorney General, of counsel;
 Ms. Ply, on the brief).

PER CURIAM
 J.L. appeals from the June 27, 2016 Department of Human

Services, Division of Family Development's (DFD) denial of his

request for housing Emergency Assistance (EA) after a hearing

before an Administrative Law Judge (ALJ). J.L. subsisted on $322

monthly from Work First New Jersey/Temporary Assistance for Needy

Families and $326 monthly from the Supplemental Nutrition

Assistance Program while living with his mother for more than two

years. He paid $150 monthly rent to her for the last nine months.

J.L.'s mother wrote a letter stating J.L. and his son had to leave

her residence on June 1, 2016. The ALJ found J.L. to be incredible,

and found he was not homeless because his mother had not yet

followed through on evicting him and his three-year-old son from

her Section 8 housing although her June 1 deadline had passed.1

DFD further found that J.L. had demonstrated no evidence of a job

search and had therefore brought his imminent homelessness upon

himself.

 At appellate oral argument, J.L.'s counsel candidly admitted

that we could offer J.L. no practical relief. See N.J. Div. of

Youth & Family Servs. v. A.P., 408 N.J. Super. 252, 261 (App. Div.

2009) ("An issue is 'moot' when the decision sought in a matter,

1
 A court order awarded visitation to J.L. on alternate weekends
and one evening during the week. J.L., however, maintained that
his son lived with him and he was receiving benefits for both
himself and his son. See N.J.A.C. 10:90-3.3; N.J.A.C. 10:90-
2.7(a)(1).
 2 A-4932-15T2
when rendered, can have no practical effect on the existing

controversy"). J.L. no longer claimed to be eligible for EA and

the six-month period of ineligibility due to having caused one's

own homelessness without good cause, N.J.A.C. 10:90-6.1(c)(3), had

run its course. This appeal raises no issue of significant public

importance that is capable of repetition, yet evades review. See

State v. Robertson, 228 N.J. 138, 147 (2017) (deciding an issue

because it was a matter of public importance likely to recur under

the same temporal circumstances). We thus dismiss the appeal as

moot.

 We note, in the hope of avoiding repetition, that the hearing

afforded J.L. was disconcerting in several respects. J.L. was

prevented from completing his testimony about how he spent the

money he received by the ALJ, who said:

 I've been more than patient. I've tried to
 help you. We're at — we're at the end of this
 hearing. There's not much more I need to hear,
 [counsel]. He's going to tell me he's bought
 Pampers. He's going to tell me he bought milk.
 He's going to tell me he bought food which he
 can do with the food stamps. He paid $150 to
 his mother. We can find that fact as well. We
 all agreed on it.

She also went off the record in the middle of the hearing. After

turning the recording device on again, the ALJ noted that she "had

several words with Mr. L. who has shown complete disrespect for

the [c]ourt. I want the [DFD] to take note of that and I will

 3 A-4932-15T2
make note of it in a full written decision that will accompany —

I'm not going to do it on a form anymore. I'm going back to my

office and write a full written decision." She said to J.L., "I

do find that you caused your own problem, because you didn't do

much for 29 months and you did it with a three year old." The ALJ

did not place on the record nor in her subsequent written opinion

exactly what J.L. had said or done that she found so disrespectful.

She did state in her opinion:

 It should be noted that Petitioner was
 completely uncontrollable during the hearing
 and had a terrible attitude. He was
 insubordinate on many occasions and I almost
 had to end the hearing to have him removed due
 to his total disregard for appropriate
 demeanor in a courtroom. To that end, I FIND
 he was a completely incredible witness and
 really had nothing much to say about what he
 did to prevent his own homelessness anyway.

 J.L. was entitled to a full and fair hearing. Moiseyev v.

New Jersey Racing Comm'n, 239 N.J. Super. 1, 10 (1989). If the

ALJ determined that something significant occurred off the record,

it was incumbent upon her to relate what had happened in sufficient

detail to facilitate review by the agency and, if necessary, by

us. See Baghdikian v. Board of Adjustment of Borough of Ramsey,

247 N.J. Super. 45, 51 (App. Div. 1991) (stating that "[d]isclosure

on the record is also essential for proper appellate review, if

necessary"). Without such a record, our only recourse is to remand

 4 A-4932-15T2
for another hearing. Under these circumstances no useful purpose

would be served by such a remand.

 Dismissed.

 5 A-4932-15T2